1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT

8 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10 GEORGE JACKSON,                                    No.  2:13-cv-548-EFB P

11           Plaintiff,

12      v.                                           ORDER AND
                                                     FINDINGS AND RECOMMENDATIONS[1]
13 SAHIR NASEER, et al.,

14           Defendants.

15

16      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17 U.S.C. § 1983.  He alleges that defendants Naseer, Tseng, and Smith were deliberately indifferent

18 to plaintiff's medical needs in violation of the Eighth Amendment when they failed to treat him

19 on March 22, 2012 for a medical condition known as "Raynaud's Syndrome."  Defendants move

20 to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b), on the ground that plaintiff

21 failed to exhaust his administrative remedies prior to filing suit.[2]  ECF Nos. 27, 28.  Plaintiff

22 opposes defendants' motions.  ECF No. 31.

23

24 [1] Defendants did not respond to the court's order directing them to complete and return the form
   indicating either their consent to jurisdiction of the magistrate judge or request for reassignment
25 to a district judge.  Accordingly, the clerk will be directed to randomly assign this case to a
   district judge.

26
   [2] Defendants' motions included notice to plaintiff informing him of the requirements for opposing
27 a motion to dismiss for failure to exhaust available administrative remedies.  *See Woods v. Carey*,
   684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 697 F.3d 1004, 1006 (9th Cir. Sept. 2012); *Wyatt
28 v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).

1

1    For the following reasons, defendants' motions must be granted.

2    **I.    Exhaustion under the PLRA**

3    The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

4    with respect to prison conditions [under section 1983 of this title] until such administrative

5    remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to

6    the exhaustion requirement have been defined broadly as "the effects of actions by government

7    officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v.*

8    *Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d

9    Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the

10   claims the plaintiff has included in the complaint, but need only provide the level of detail

11   required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v.*

12   *Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time

13   and opportunity to address complaints internally before allowing the initiation of a federal case").

14   Prisoners who file grievances must use a form provided by the California Department of

15   Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the

16   action requested.  The grievance process, as defined by California regulations, has three levels of

17   review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs. tit. 15,

18   § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a

19   "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.*

20   § 3084.1(b).

21   Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731,

22   741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other

23   critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be

24   "available," there must be the "possibility of some relief . . . ."  *Booth*, 532 U.S. at 738.  Relying

25   on *Booth*, the Ninth Circuit has held:

26   [A] prisoner need not press on to exhaust further levels of review once he has
     received all "available" remedies at an intermediate level of review or has been

27   reliably informed by an administrator that no remedies are available.

28   *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

2

1    In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are

2    normally brought under Rule 12(b) of the Federal Rules of Civil Procedure.  *See Albino v. Baca*,

3    697 F.3d 1023, 1029 (9th Cir. 2012).  Nonetheless, it remains well established that credibility of

4    witnesses over material factual disputes cannot be resolved on paper.  Thus, when ruling on an

5    exhaustion motion requires the court to look beyond the pleadings in the context of disputed

6    issues of fact, the court must do so under "a procedure closely analogous to summary judgment."

7    *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003).  Doing so ensures that a process is

8    followed to test whether disputes over facts pertaining to whether plaintiff actually exhausted

9    available remedies are truly genuine and material and therefore warrant live testimony, or

10   whether the dispute(s) may be disposed of by unrefuted declarations and exhibits.  Therefore,

11   following the suggestion in Wyatt, and because care must be taken not to resolve credibility on

12   paper if it pertains to disputed issues of fact that are material to the outcome, the undersigned

13   applies the Rule 56 standards to exhaustion motions that require consideration of materials

14   extrinsic to the complaint.  *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL

15   3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

16   Failure to exhaust is an affirmative defense in the sense that defendants bear the burden of

17   proving plaintiff did not exhaust available remedies.  *Wyatt*, 315 F.3d at 1119.  To bear this

18   burden:

19   a defendant must demonstrate that pertinent relief remained available, whether at
     unexhausted levels of the grievance process or through awaiting the results of the

20   relief already granted as a result of that process. Relevant evidence in so
     demonstrating would include statutes, regulations, and other official directives that

21   explain the scope of the administrative review process; documentary or testimonial
     evidence from prison officials who administer the review process; and information

22   provided to the prisoner concerning the operation of the grievance procedure in
     this case . . . . With regard to the latter category of evidence, information provided

23   [to] the prisoner is pertinent because it informs our determination of whether relief
     was, as a practical matter, "available."

24

25   *Brown*, 422 F.3d at 936-37 (citations omitted).

26   /////

27   /////

28   /////

3

1    **II.    Discussion[3]**

2        Plaintiff alleges that he suffers from Raynaud's Disease, a condition that causes him to get

3    "painfully cold extremities."  ECF No. 13 at 3.  He claims that his exposure to cold drafts

4    exacerbated his condition and caused him pain.  *Id.*  He claims that on March 22, 2012, after

5    explaining to defendants his pain and need for treatment, they denied him medical care.  *Id.*

6    These allegations form the basis for plaintiff's claim that defendants were deliberately indifferent

7    to his medical needs in violation of the Eighth Amendment.  ECF No. 17.   Defendants' evidence

8    shows that plaintiff failed to submit any grievances prior to filing suit that addressed these

9    allegations.  *See* ECF No. 27-3 ("Simmons Decl.") ¶¶ 5-6; ECF No. 28-4 ("Altschuler Decl.")

10   ¶ 5, Ex. A.

11       From March 22, 2012, the date plaintiff's claims against defendants allegedly arose, to

12   March 11, 2013, the date plaintiff filed the operative complaint, plaintiff submitted only two

13   inmate appeals regarding health care.  *See* Simmons Decl. ¶¶ 5-7.  The first appeal, MCSP HC

14   12042103, did not concern the allegations giving rise to plaintiff's claims against defendants.  *See*

15   *id.*, Ex. A (requesting medical chronos for appropriate housing when transferred); Altschuler

16   Decl., Ex. C (same).  Even if it had, it would not satisfy the exhaustion requirement because

17   plaintiff failed to properly pursue it to the final level of review.  *See* Simmons Decl. ¶ 7, Ex. A

18   (Aug. 7, 2012 notice to plaintiff that appeal was cancelled at second level of review); Altschuler

19   Decl., Ex. C (same); *see also* ECF No. 27-2 (Zamora Decl.) ¶¶ 7-8 (stating that the only health

20   care appeal pursued by plaintiff to the third level of review between March 22, 2012 and March

21   11, 2013, was  MCSP HC 12042200, discussed below).

22       The second appeal, MCSP HC 12042200, alleged that defendant Tseng's behavior during

23   an interview on April 24, 2012 was "unprofessional" and "unacceptable."  Simmons Decl. ¶ 7,

24   Ex. B.  Plaintiff claimed that Tseng had "deliberately refus[ed] to assist [him] in anyway

25   possible," and requested a thorough investigation into Tseng's behavior.  *Id.*  Although this

26

27   _____
     [3] Plaintiff's "Motion in Responce [sic] to Defendants Objections," ECF No. 35, which appears to
     be plaintiff's response to defendants' reply brief, was not considered by the court, as surreplies

28   are neither authorized by the Federal Rules of Civil Procedure nor the court's Local Rules.

1   appeal contains allegations against defendant Tseng, it concerns an April 24, 2012 interview, and

2   not a denial of medical care on March 22, 2012.  Thus, this appeal would not been sufficient to

3   put prison officials on notice of plaintiff's Eighth Amendment claims against Tseng, or either of

4   the other named defendants in this action.  *See Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir.

5   2009) (A grievance must "provide enough information . . . to allow prison officials to take

6   appropriate responsive measures.") (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2nd Cir.

7   2004)).

8          Because neither of the two grievances filed during the relevant time period concern

9   defendants' alleged failure to provide plaintiff with medical care on March 22, 2012, defendants

10   have met their initial burden of showing that plaintiff failed to properly exhaust his administrative

11   remedies prior to commencing this lawsuit.  *See Albino*, 697 F.3d at 1031 ("A defendant's burden

12   of establishing an inmate's failure to exhaust is very low," and "[a] defendant need only show the

13   existence of remedies that the plaintiff did not use.").  The burden now shifts to plaintiff to

14   produce evidence that demonstrates either exhaustion or circumstances excusing exhaustion.  *See*

15   *Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010).

16          In his opposition, plaintiff claims to have "filed a 602 appeal . . . with regards to his

17   serious medical condition . . . , [which] was denied at all levels of review."  ECF No. 31 at 1.

18   Though plaintiff does not identify the appeal to which he refers, he may be referring to appeal

19   number MCSP-C-09-02180, which he referenced in his complaint, and which defendant Naseer

20   discussed in his motion to dismiss.  *See* ECF Nos. 13, 28-2.  In MCSP-C-09-02180, plaintiff

21   complained of mobility impairment due to degenerative joint disease and requested housing in a

22   lower bunk and lower tier, an extra mattress, and adequate pain medication.  *See* Altschuler Decl.,

23   ¶ 6, Ex. B (sections A and B of plaintiff's CDC Form 602).  This appeal pre-dates the allegations

24   raised in the instant complaint by over two years and makes no mention of Raynaud's syndrome

25   or any of the defendants.  Thus, it could not have satisfied the exhaustion requirement for the

26   claims raised in this suit.

27          At the third level of review for MCSP-C-09-02180, plaintiff claimed for the first time that

28   he was "prone to getting frostbite in his fingers and toes," and requested an opinion from a

1   specialist to determine if this could be contributing to his disc disease and back pain. *See id.*

2   (section H of plaintiff's CDC Form 602). In the April 7, 2010 Director's Level Appeal Decision,

3   this new issue and request was specifically excluded because it is against CDCR regulations to

4   expand an appeal beyond the initial problem and requested action. *Id.*; *see also* Cal. Code Regs.

5   tit. 15, § 3084.2(a) (2009) (requiring that prisoners "describe the problem and action requested" in

6   Sections A and B of the CDC Form 602). Plaintiff was expressly instructed to present the new

7   issue to officials at his institution and to allow medical staff an opportunity to resolve it. *See*

8   Altschuler Decl., ¶ 6, Ex. B. There is no evidence that plaintiff ever complied with this

9   instruction.

10       Plaintiff claims that "filing a second 602 regarding the issue would be futile." ECF No.

11   31 at 1. Exhaustion, however, is mandatory. Plaintiff's apparent belief that it would be futile is

12   no excuse. *See Booth* 532 US at 741 n. 6 (stating courts should not read "futility or other

13   exceptions" into § 1997e(a)); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Even when the

14   prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion

15   is a prerequisite to suit"); *id.* ("All 'available' remedies must . . . be exhausted; those remedies

16   need not meet federal standards, nor must they be 'plain, speedy, and effective.'").

17       Under this standard plaintiff has failed to properly exhaust available administrative

18   remedies prior to filing suit, and IT IS HEREBY RECOMMENDED that defendants' motions to

19   dismiss (ECF Nos. 27, 28) be granted, that all outstanding motions be denied, and that this action

20   be dismissed without prejudice.

21       These findings and recommendations are submitted to the United States District Judge

22   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

23   after being served with these findings and recommendations, any party may file written

24   objections with the court and serve a copy on all parties. Such a document should be captioned

25   "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

26   /////

27   /////

28   /////

1    within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

2    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3    Dated:  December 4, 2013.

4

5    EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28